IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**NOTUS MEDIA LLC**,

    1000 Wilson Boulevard, Suite 2700
    Arlington, VA 22209

**DAVE LEVINTHAL**,

    1000 Wilson Boulevard, Suite 2700
    Arlington, VA 22209

        Plaintiffs,

v.

**U.S. AGENCY FOR INTERNATIONAL
DEVELOPMENT**,

    1300 Pennsylvania Avenue NW
    Washington, DC 20523

        Defendant.

Case No.    26-CV-1004

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs NOTUS Media LLC ("NOTUS") and NOTUS Senior Editor Dave Levinthal bring this suit against Defendant U.S. Agency for International Development ("USAID"), and state as follows:

### INTRODUCTION

1.    This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.

2.    Through FOIA, Plaintiffs seek records that will shed light on how USAID officials anticipated and reacted to the results of the 2024 U.S. presidential election.

3.    Releasing the requested records will inform the public about "what their government [was] up to," *Department of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 773 (1989), during this particularly consequential period in USAID's history.

4.      In violation of FOIA, however, USAID has improperly withheld all of the records responsive to Plaintiffs' request.

## PARTIES

5.      Plaintiff NOTUS is a news organization based in Arlington, Virginia.  Launched in January 2024, NOTUS covers government and politics and publishes nonpartisan journalism that reaches millions of people each month through its website, daily newsletter, and podcast, as well as frequent citation and republication in local and national media.

6.      Plaintiff Levinthal is a Senior Editor at NOTUS, where his work focuses on money and politics, investigations, and special projects.  He is the former editor-in-chief of Raw Story and deputy editor of Business Insider, and his writing has appeared in The Atlantic, Rolling Stone, TIME, Columbia Journalism Review, Washingtonian and the Washington Post.

7.      Defendant, USAID, is an agency within the meaning of 5 U.S.C. § 552(f)(1). USAID has possession and control of the records requested by Plaintiffs.

## JURISDICTION AND VENUE

8.      This action arises under FOIA.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9.      Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

10.     On November 25, 2024, Levinthal submitted a FOIA request (the "Request") to USAID seeking records from November 4-9, 2024 – a six-day period surrounding the date of the 2024 U.S. presidential election – that included any of 23 specified words, terms, or phrases.  A true and correct copy of the Request is attached hereto as Exhibit A.

11.     On November 26, 2024, USAID acknowledged receipt of the Request, assigned it reference number F-00104-25, and sought clarification as to its scope.  That same day, Levinthal responded by amending the Request to include the records of only 117 specifically identified USAID officials.  A true and correct copy of this email exchange is attached hereto as Exhibit B.

12.     On September 18, 2025, USAID contacted Levinthal by email to ask for confirmation that Levinthal wanted USAID to continue processing the Request, and Levinthal responded by email the same day to confirm continued interest in the Request.  A true and correct copy of this email exchange is attached hereto as Exhibit C.

13.     To date, USAID has not produced any records responsive to the Request.

14.     To date, USAID has not informed Plaintiffs as to the scope of the records, if any, that the agency will produce in response to the Request.

15.     To date, USAID has not cited any allegedly applicable FOIA exemption(s) or otherwise identified any basis for withholding, in whole or part, any of the requested records.

## CLAIM FOR RELIEF

### COUNT I
**Declaratory and Injunctive Relief:
Constructive Denial in Violation of FOIA, 5 U.S.C. § 552**

16.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

17.     FOIA provides this Court with "jurisdiction to enjoin [USAID] from withholding agency records and to order the production of any agency records improperly withheld from [Plaintiffs]."  5 U.S.C. § 552(a)(4)(B).

18.     The records Plaintiffs seek are agency records within USAID's control.

19.     FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and

3

the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(i).

20.    USAID received the Request, as amended, on November 26, 2024.  Ex. C.

21.    Pursuant to FOIA, USAID was required to respond to the Request by December 26, 2024.  5 U.S.C. § 552(a)(6)(A)(i).

22.    To date, however, USAID has not made and communicated to Plaintiffs a "determination" on the Request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

23.    There is no basis under FOIA to withhold, in whole or in part, the records requested by Plaintiffs.  USAID has wrongfully withheld agency records in violation of FOIA.

24.    Plaintiffs request a declaratory judgment that USAID has violated FOIA and that Plaintiffs are entitled to immediately receive the requested records.

25.    Plaintiffs further request that, pursuant to 5 U.S.C. § 552(a)(4)(B), the Court issue an injunction directing USAID to produce the requested agency records in full and setting a deadline for compliance.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Declare USAID's failure to provide responsive records unlawful under FOIA;

B.    Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing USAID to make the requested records available to Plaintiffs, unredacted, and without further delay, and setting a deadline for compliance;

C.    Provide for expeditious proceedings in this action;

D.    Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5

E.    Grant such other and further relief as the Court may deem just and proper.

Dated: March 24, 2026          Respectfully submitted,

                               BALLARD SPAHR LLP

                               /s/ *Maxwell S. Mishkin*
                               Maxwell S. Mishkin (#1031356)
                               Chad R. Bowman (#484150)
                               1909 K Street NW, 12th Floor
                               Washington, DC 20006
                               Tel: (202) 661-2200
                               Fax: (202) 661-2299
                               mishkinm@ballardspahr.com
                               bowmanchad@ballardspahr.com

                               *Counsel for Plaintiffs*